# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3142 | **DATE** | 7/31/2008 |
| **CASE TITLE** | PARKER vs. SOCIAL SECURITY ADMINISTRATION | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed in forma pauperis is granted. Plaintiff's motion for appointment of counsel is denied. The Clerk of Court is directed to issue summons and complaints to the U.S. Marshal for service forthwith. Plaintiff is directed to submit completed USM 285 forms to the U.S. Marshal by August 22, 2008.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

     Plaintiff Felisetas Parker ("Parker") moves the Court to proceed *in forma pauperis* and for appointment of an attorney. For the reasons stated below, Parker's motion to proceed *in forma pauperis* is granted and her motion to appoint counsel is denied.

     Under 28 U.S.C. § 1915(a), the Court may authorize Parker to proceed *in forma pauperis* if she is unable to pay the mandated court fees. Parker's application sets forth her inability to pay because she has been unemployed since November 2007 and currently has no income. Her spouse, Milton Parker, is also unemployed and received $556.00 in monthly unemployment payments.

     The Court, however, must look beyond Parker's financial status. Section 1915 requires the Court to review Parker's claims and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if Parker seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see Alston v. Debruy*, 13 F.3d 1036, 1039 (7th Cir.1994). In making this determination the Court construes Parker's *pro se* pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). Parker alleges that on November 15, 2007, she visited a branch of the Social Security Administration in Woodridge, Illinois to renew her social security card. Her agent, Edward Saltigeral, asked her for her application. When she reached out to give her application to him, the chair on which she was sitting flipped forward then back causing her to fall and injure her spine, tail bone, and head. Construing Parker's allegations liberally, she has stated a claim for negligence against the administration.

     Parker also requests appointment of counsel to prosecute her claims. The Court's conclusion that she can not afford the $250.00 fee, does not lead inevitably to the conclusion that she can afford an attorney. Though her income and savings make it unlikely that she could afford a private attorney, the appointment of counsel is not automatic upon a showing of financial need. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir.

**STATEMENT**

1992) (stating that civil litigants have no constitutional or statutory right to appointment of counsel). Instead, § 1915(e)(1) grants this Court the discretion to "request an attorney to represent any person unable to afford counsel" under appropriate circumstances. *See* 28 U.S.C. § 1915(e)(1).

The Court must also "determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), quoting *Jackson*, 953 F.2d at 1072; *see Johnson v. Doughty*, 433 F.3d 1001, 1022 n.11 (7th Cir. 2006) (noting change in statute's language without comment). Parker's filings contain no information regarding her efforts to employ private counsel nor does the Court believe that the case is so complex that counsel is needed at this time. Should the development of her case later warrant reconsideration of the appointment of counsel question, Parker will be required to submit evidence of her unsuccessful attempts to retain counsel.

The Seventh Circuit set out a nonexhaustive list of factors for this Court to consider when exercising its discretion to appoint counsel for indigents: (1) the merits of the plaintiff's claims; (2) whether the plaintiff can investigate crucial facts; (3) whether trained counsel will better expose the truth; (4) the plaintiff's ability to present the case; and (5) the complexity of the relevant legal issues. *Maclin v. Freake*, 650 F.2d 885, 887-89 (7th Cir. 1981). These factors later were distilled into a single question, "given the complexity of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?" *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993) (noting that question provides an easier, alternative method but not discrediting the *Maclin* factors).

Reviewing Parker's *pro se* Complaint liberally in light of the *Farmer* question, her allegations are not complex nor substantial. Moreover, neither practical concerns nor the complexity of the facts or law render Plaintiff incompetent to pursue her claim. Thus, at this time, appointment of counsel is not warranted. *See Mungiovi v. Chicago Housing Auth.*, 1994 WL 735413, *2 (N.D. Ill. 1994) (denying motion for appointment of counsel as premature).

Accordingly, the Court grants Parker's's application to proceed *in forma pauperis* and denies her motion for appointment of counsel. This order is entered without prejudice to a renewed request for the appointment of counsel should later developments so warrant.